CV 14 0999

MATSUMOTO, J.

MANN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DICKENS RENE,

                                Plaintiff,                      **COMPLAINT**

        -against-                                       JURY TRIAL DEMANDED

THE CITY OF NEW YORK, ANASTASI KATEHIS,
And JOHN DOE,

                                Defendants.
-------------------------------------------------------------------x

        Plaintiff, DICKENS RENE by and through hisattorneys, **THE LAW OFFICE**

**OF SCOTT G. CERBIN, ESQ., PLLC,** complaining of the Defendants herein,

respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

        1.      This is a civil rights action in which the Plaintiff seeks relief for the

Defendant's violation of hisrights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1981 and 1983; by the United States Constitution, including its Fourth and

Fourteenth Amendments.    The Plaintiff seeks damages, both compensatory and

punitive damages, affirmative equitable relief, an award of costs and attorney's fees,

and such othisand furthisrelief as this court deems just and equitable.

## JURISDICTION AND VENUE

        2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C.

§§ 1981 and 1983.

        3.      Venue herein is proper for the United States District Court for the Eastern

District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

4.      Plaintiff Dickens Rene is 31 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. He is of Afro-Caribbean ancestry.

5.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.      Defendants KATEHIS and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants KATEHIS and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

2

performance of their lawful functions in the course of their duties. Defendants KATEHIS and DOE are sued individually.

## STATEMENT OF FACTS

10.     On or about June 10, 2013 at approximately 7:50 a.m. in the County of Kings, Plaintiff Dickens Rene was stopped by Police Officer Katehis and his partner. Katehis alleged a failure to signal; however, it appears the real reason for the stop was the temporary New Jersey tag displayed in Plaintiff's rear window[1].

11.     Upon demand Plaintiff produced a New Jersey temporary vehicle registration card, which matched the temporary tag, and an insurance identification card. However, in a criminal complaint Katehis insisted the plate was a forgery based upon his "professional training as a police officer in the identification of forged instruments".

12.     Mr. Rene was arrested and charged with various offenses including unregistered motor vehicle and criminal possession of a forged instrument. He spent the night in jail, retained counsel, and appeared in court on four more occasions post arraignment. On February 11, 2014, after being provided with a letter from New Jersey Department of Motor Vehicles ("DMV") verifying the temporary tag and registration, the district attorney dismissed all charges.

13.     It is submitted that even if Katehis truly believed that the plate was a forgery, he should have inquired of the DMV upon arriving at the 63rd Precinct. In fact he did not charge Plaintiff with not having insurance, and thus it seems odd that one would possess a valid insurance card for a forged plate. More troubling is the fact that Plaintiff's wife went to the precinct and produced documentation from the dealership

---

[1] Mr. Rene denies committing any traffic infraction.

3

where the Renes' purchased the subject vehicle. It appears that Katehis willfully ignored any evidence that would stand in the way of his arrest.

14.     Finally, based upon the false arrest Plaintiff's security guard license was suspended by the Department of State and he had to find a new job.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983)

15.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16.     By their conduct and actions in arresting, imprisoning, and failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of others, Defendants KATEHIS and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

17.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

18.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19.     By the actions described above, Defendants KATEHIS and DOE falsely arrested or caused to be falsely arrested Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so.  The acts and conduct of the Defendants were the direct and proximate cause of the injury and damage to the Plaintiff and violated his rights as guaranteed by the Fourth Amendment of the United States Constitution.

20.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

21.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22.     At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department and through Defendants KATEHIS and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

23.     At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants KATEHIS and DOE had de facto policies, practices, customs and usages of failing to properly train,

5

screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. Indeed the New York City Police Department has a lengthy history of making false arrests for forged temporary license plates and is not properly training police officers to determine or verify whether a temporary tag is a forgery.[2] The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

24.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution)

25.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26.     Defendants KATEHIS and DOE maliciously prosecuted the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of emotional, financial, and professional injury to the Plaintiff and violated his statutory and constitutional rights.

27.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the individual Defendants:

---

[2] Fray v. The City of New York, et ano., 06-CV-5209 (EDNY)

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and just.

Dated: Brooklyn, New York
February 14, 2014

Respectfully submitted,

**SCOTT G. CERBIN, ESQ., PLLC**
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, NY 11241
(718) 596-1829